IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WESLEY FOOTE, TDCJ No. 394740, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-2430-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**ORDER VACATING ORDER REQUIRING RESPONSE AND FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Wesley Foote, a Texas prisoner, filed (in the Eastern District of Texas) a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 1985 Johnson County conviction for aggravated kidnapping, which resulted in a sentence of life imprisonment. *See* Dkt. No. 1. His application was transferred to this district, *see* Dkt. No. 3, and the presiding United States district judge has now referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While the Court previously ordered a response to the habeas petition, *see* Dkt. No. 8, that order is VACATED, and the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss Foote's federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Foote fair notice, and the opportunity to file objections to

them (further explained below) affords a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S.

at 257.

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the

'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications – Foote's is no exception – is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Foote filed a direct appeal, and the state judgment he now challenges under Section 2254 was affirmed in 1988. *See Foote v. State*, No. 10-88-00013-CR (Tex. App. – Waco Sept. 8, 1988); Dkt. No. 1 at 3. Foote does not recall whether he then petitioned the Texas Court of Criminal Appeals for discretionary review. *See* Dkt. No. 1 at 3. But there is no record that he did.

He has instead sought state habeas relief on multiple occasions. *See Ex parte Foote*, WR-16,138-01, -02, -03, -04, -05, -06, -07, -08 (Tex. Crim. App.). His initial state habeas petition was denied without written order in 1986. *See Ex parte Foote*, WR-16,138-01 (Tex. Crim. App. Sept. 10, 1986). And his most recent was dismissed as successive in 2022. *See Ex parte Foote*, WR-16,138-08 (Tex. Crim. App. July 13, 2022) (citing TEX. CODE CRIM. PROC. art. 11.07 § 4(a)-(c)); Dkt. No. 1 at 3-4.

Foote then filed this (his first) Section 2254 application concerning this state judgment no sooner than October 25, 2022, the date that he certifies that he placed

it in the prison mailing system. *See* Dkt. No. 1 at 10; RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

Under Subsection A, this application is untimely by decades. That is, the availability for direct appeal to the state courts ended, at the latest, when Foote failed to file a timely petition for discretionary review after the Waco Court of Appeals affirmed the Johnson County criminal judgment in 1988. *See Engle v. Davis*, 804 F. App'x 283, 284 (5th Cir. 2020) (per curiam) ("Engle's judgment therefore became final, for purposes of § 2244(d)(1)(A), only when the time for seeking direct review of the Texas Court of Appeals' judgment dismissing his appeal expired upon his failure to file a timely petition for discretionary review, with the Texas Court of Criminal Appeals." (citation omitted; citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' … [But, i]f the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." (footnote omitted)))).

And Foote has not shown how the pendency of his many applications for state habeas review toll AEDPA's statute of limitations such that this Section 2254 petition

was timely filed under Subsection A. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Under Section 2244(d)(1)(A), the Section 2254 application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Foote fails to explain how another provision of Section 2244(d)(1) could apply here and fails to provide allegations that could establish either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented his timely filing of the federal petition. *See generally* Dkt. No. 1. But he does assert that he is actually innocent, claiming that he was never indicted for the offense under which he was convicted (that is, the applicable indictment cites to unlawful restraint, not aggravated kidnapping). *See id.* at 4, 6.

Actual innocence, "'if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations.'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *Perkins*, 569 U.S. at 386). But "a credible gateway 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). "Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324).

And, "as the Supreme Court has explained, 'impeachment evidence provides no basis for finding' actual innocence because 'the evidence is a step removed from

evidence pertaining to the crime itself.'" *Riley v. Dir., TDCJ-CID*, No. 3:18-cv-2439-S-BN, 2021 WL 4355379, at *5 (N.D. Tex. Sept. 24, 2021) (quoting *Calderon v. Thompson*, 523 U.S. 538, 563 (1998)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1076 n.3 (5th Cir. 1998) (explaining that new evidence of actual innocence must be "material, not merely cumulative or impeaching" and thus capable of "produc[ing] acquittal at a new trial").

First, it is not even clear if Foote's sole ground for federal habeas relief is cognizable under the exacting standards of review. "Federal habeas courts look to the 'substantive elements of the criminal offense as defined by state law' to determine the constitutional sufficiency of a state conviction and do not demand 'exactitude with respect to the conformance of the evidence to the indictment and jury charge.'" *Lott v. Stephens*, No. 3:13-cv-2699-P-BH, 2015 WL 3898091, at *15 (N.D. Tex. June 23, 2015) (quoting *Brown v. Collins*, 937 F.2d 175, 181-82 (5th Cir. 1991)).

But, even if it is cognizable, the evidence in support of his ground for relief is neither new nor reliable evidence that Foote is factually innocent. *See Johnson*, 978 F.2d at 859-60. The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

**Recommendation**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner James Wesley Foote's 28 U.S.C. § 2254 habeas application as time barred.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE